<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RICHARD C. MURPHY, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 20-5710 (JMV) |
| v. | : | |
| | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**VAZQUEZ, District Judge:**

Before the Court is Petitioner's "motion to vacate judgment" under Federal Rule of Civil

Procedure 60(b)(4). (D.E. 1.)  Petitioner expressly states that he does not want the Court to

characterize his motion as a motion to vacate, correct, or set aside sentence under 28 U.S.C. §

2255. (*Id*. at 2.)  To that end, Petitioner has filed a "motion to correct docket text" and a "motion

to affirm" that the Court will consider this matter under Rule 60(b)(4). (D.E. 2, 3.)

Alternatively, if the Court is inclined to recharacterize his motion as one under § 2255,

Petitioner requests that the Court provide him with a notice pursuant to *United States v. Miller*,

197 F.3d 644 (3d Cir. 1999), and an opportunity to withdraw or amend his § 2255 motion to include

additional claims. (D.E. 3.)  Petitioner has not yet filed a § 2255 motion.

To the extent Petitioner has filed a motion under Federal Rule of *Civil* Procedure 60(b) to

vacate his *criminal* judgment, the Court will deny that motion.  As the Third Circuit has held,

"Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a

criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases."

*E.g.*, *Gray v. United States*, 385 F. App'x 160, 162 (3d Cir. 2010); *Smith v. United States*, No. 14-

1595, 2014 WL 1311408, at *1 (D.N.J. Mar. 27, 2014). "'The appropriate vehicle for a criminal defendant seeking to challenge his or her conviction or sentence is a motion under 28 U.S.C. § 2255,' not a motion under Rule 60(b) of the Federal Rules of Civil Procedure." *Smith*, 2014 WL 1311408, at *1 (quoting *Gray*, 385 F. App'x at 162–63).

Indeed, in his motion to vacate judgment, Petitioner contends that this Court lacked jurisdiction to sentence him, a type of claim specifically enumerated under § 2255. *See* 28 U.S.C. § 2255(a) (stating that a prisoner may move to vacate, set aside or correct a sentence that "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence.").

Accordingly, the Court will deny Petitioner's motion to vacate judgment under Rule 60(b) and deny his motions to correct and affirm the docket as moot. Additionally, the Court will not recharacterize Petitioner's Rule 60(b) motion as one under § 2255. It appears that the Supreme Court denied *certiorari* on Petitioner's direct appeal on April 6, 2020. (*United States v. Murphy*, No. 19-2178 (3d Cir.), D.E. 93.) Consequently, Petitioner may still file an all-inclusive § 2255 motion, under a new docket, as his one-year limitations period has not yet expired. *See* 28 U.S.C. § 2255(f).

An appropriate Order follows.

Dated: 11/16/2020

_____
JOHN MICHAEL VAZQUEZ
United States District Judge

2